IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KELLY L. SMITH, | |
| Plaintiff, | 4:19-CV-3024 |
| vs. | ORDER |
| CATHLEEN H. ALLEN, et al., | |
| Defendants. | |

The Central Platte Natural Resources District has filed a motion (filing 54) for attorney's fees pursuant to Fed. R. Civ. P. 54(d)(2), based on the Court's previous finding that the plaintiff's complaint was frivolous and that sanctions would be awarded pursuant to Fed. R. Civ. P. 11(c). Filing 52 at 13-14. The time to respond to the District's motion has elapsed, and the plaintiff has not responded. *See* NECivR 7.1(b)(1)(B); *see also* Fed. R. Civ. P. 6(d).

A sanction imposed under Rule 11(c)

> must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Rule 11(c)(4). In other words, compensatory sanctions must be reasonable and no greater than necessary to deter future misconduct. *See Landscape Properties, Inc. v. Whisenhunt*, 127 F.3d 678, 685 (8th Cir. 1997).

The District moves for attorney's fees in the amount of $10,180, based on the billing records of counsel it has submitted. *See* filing 54-1. Having examined those records carefully, the Court finds that both the time expended in defending the action and the hourly rates of the District's counsel are fair and reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Orduno v. Pietrzak*, 932 F.3d 710, 719-20 (8th Cir. 2019). The Court will, nonetheless, decline to award the District the full amount of its fees. The Court finds that a lesser amount of $7,500—still a stiff sanction for a Custer County farmer—will serve to deter repetition of the conduct, particularly considering the strong possibility of more sanctions should the plaintiff's misconduct be repeated. *See Meyer v. U.S. Bank Nat. Ass'n*, 792 F.3d 923, 927-28 (8th Cir. 2015); *Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1011 (8th Cir. 2006).[1]

IT IS ORDERED:

1. The District's motion for attorney's fees (filing 54) is granted.

2. The district is awarded attorney's fees, to be paid by the plaintiff, in the amount of $7,500.

Dated this 9th day of June, 2020.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Chief United States District Judge

---

[1] The Court notes that because the plaintiff hasn't responded to the District's motion, he has also not asserted any inability to pay the sanction. *See Whisenhunt*, 127 F.3d at 685.